IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| ETHER SULEMA FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-0116 |
| BURGER KING CORP. and | § | |
| CIMM'S INC. d/b/a | § | |
| SOUTHWEST CIMM'S INC. and | § | |
| BURGER KING, | § | |
| | § | |
| Defendants. | § | |


## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Summary Judgment filed by Cimm's Incorporated d/b/a Southwest Cimm's Inc. and d/b/a Burger King ("Cimm's") (Docket Entry No. 37).  For the reasons stated below, defendant's motion will be granted.

## I.  Background

This action arises out of injuries sustained by plaintiff, Ether Sulema Flores, while working at a Burger King store owned by defendant Cimm's Incorporated.  In 2001 plaintiff, an illegal immigrant, became employed by defendants after producing fraudulent documentation allowing her to work in the United States.  Plaintiff was injured on February 23, 2003, when leaving the store's walk-in cooler.  Plaintiff alleges that the cooler's rubber mat, which had

been taken out and cleaned, was "replaced in an unusual and awkward position that created an uncommon gap of bare floor between the door and the mat and caused [plaintiff] to fall."[1]  Although it was defendant's company policy to prepare an injury report on the day an injury occurs, no such report was prepared.[2]  Plaintiff later left her job for a period of time (for reasons not stated) and returned around August of 2003, by which time she had obtained a valid work permit.[3]

In August of 2003 Mr. Cortes, Cimm's Inc.'s District Manager, visited the store where plaintiff worked and inquired about her health in light of the February accident.  At that time Mr. Cortes instructed plaintiff to seek medical care and asked Ms. Miranda, plaintiff's supervisor, to prepare an accident report so that plaintiff's medical bills could be paid by the company.  Although she knew the true date of plaintiff's injury, Ms. Miranda listed the date of the accident as August 11, 2003, in the report. Plaintiff alleges that she was told by the store supervisor to use

---

[1]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 42, p. 2.

[2]Ms. Miranda, plaintiff's supervisor, testified in her deposition that she did not prepare an injury report because plaintiff told her at the time that "she was okay" and to not fill out the report.  Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 42, Exhibit B, Miranda deposition at p. 48.

[3]Id., Exhibit C, Cortes deposition at p. 20.  Defendant contends that they were unaware of plaintiff's illegal status until August of 2003.

this date for purposes of seeking medical care.[4]   Thereafter,
plaintiff visited Dr. Cantu and her medical bills were paid by
defendants.   Plaintiff continued to work at Burger King until
August 25, 2003.  Plaintiff contacted an attorney about her rights
against defendants between May and July of 2005 and sued defendants
in state court on July 12, 2005.   Defendants discontinued her
medical payments sometime thereafter.[5]

It is undisputed that Texas's two-year statute of limitations
applies to this negligence action.  See TEX. CIV. PRAC. & REM. CODE
ANN. § 16.00(3)(a) (Vernon 2006).   Because plaintiff's injury
occurred in February of 2003, the limitations period expired in
February of 2005.  Defendant Cimm's Inc. seeks summary judgment,
arguing that plaintiff's five-month delay in filing bars this
action as a matter of law.  In her response, plaintiff argues that
defendant is estopped from asserting a limitations defense based on
the doctrine of promissory estoppel or, alternatively, the doctrine
of waiver.

---

[4]Defendant's Motion for Summary Judgment, Docket Entry No.
37, Exhibit A, Flores deposition at pp. 116-17.

[5]Plaintiff's Response to Defendant's Motion for Summary
Judgment, Docket Entry No. 42, p. 5.  See also Defendant's Motion
for Summary Judgment, Docket Entry No. 37, Exhibit A, Flores
deposition at pp. 169-72.

## II.  **Summary Judgment Standard**

In considering a motion for summary judgment, a court must draw all inferences of fact in favor of the party opposing summary judgment, and the burden is on the moving party to demonstrate that there is no genuine issue of fact.  Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir. 1981).

> It is well-settled that the party moving for summary judgment has the burden of demonstrating that the Rule 56(c) test "no genuine issue as to any material fact" is satisfied and that he is entitled to judgment as a matter of law. . . .  Before summary judgment will be granted it must be clear what the truth is and any doubt as to the existence of a genuine issue of material fact will be resolved against the movant. . . .  Finally, facts asserted by the party opposing the motion, if supported by affidavits or other evidentiary material, are regarded as true.

Id. (quoting 10 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 2727, 524–30 (1973)).  Accord 10B Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2734, 274 (1998) ("[W]hen a summary-judgment motion is based on the running of the applicable statute of limitations and defendant shows that the prescribed period has elapsed, plaintiff may be able to defeat summary judgment by introducing facts, by affidavits or other evidence, raising a genuine issue whether the statute should be suspended.").  Since no dispute exists as to when plaintiff's injuries occurred and when she filed suit, the court must decide whether issues of fact exist that could preclude summary judgment on defendant's statute of

limitations defense under the doctrines of promissory estoppel or waiver.

### III.  **Promissory Estoppel**

In her response to defendant's motion for summary judgment, plaintiff contends that defendant is estopped from asserting a limitations defense because they used August 11, 2003, as the date of plaintiff's injury.[6]  In Texas "[t]he requisites of promissory estoppel are:  (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment."  <u>English v. Fischer</u>, 660 S.W.2d 521, 524 (Tex. 1983).

> [T]he effect [of estoppel] is simply to preclude the defendant's interposing the limitations bar when he has induced the plaintiff not to file suit within the limitations period . . . .  [Plaintiff] must be diligent to file the cause of action he knows he has; he may not continue to rely upon the defendant's original inducement beyond a point when it becomes unreasonable to do so . . . .

<u>Leonard v. Eskew</u>, 731 S.W.2d 124, 129 (Tex. App. -- Austin 1987, writ ref'd n.r.e.).

Plaintiff asserts that defendant's use of August 11, 2003, as plaintiff's injury date constituted a "promise by [defendant] by which it would treat the incident as occurring on a date different from the actual date, and in return, [plaintiff] would receive

---

[6]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 42, p. 6.

employee benefits."[7]  Plaintiff further contends that her reliance on this promise is evidenced by the fact that plaintiff used this date herself when first discussing her case with Dr. Cantu and with her lawyer.[8]

The court concludes that under Texas law no genuine issues of fact exist that preclude defendant's summary judgment motion because defendant's actions do not constitute a promise as a matter of law.  "[P]romissory estoppel may be found in cases where it is held that one who, by promises or assurances that he will not take advantage of a statute of limitations, induces another to forbear suit against him until after the expiration of the statutory period, is estopped from asserting the bar of the statute." <u>Dobbs v. Russell</u>, 347 S.W.2d 796, 797 (Tex. App. -- Fort Worth 1961), <u>aff'd</u>, 354 S.W.2d 373 (Tex. 1962).  Texas courts of appeals have consistently held, however, that "a mere request by the defendant not to sue, without any contract, promise to pay, or agreement not to plead the statute, will not prevent him from taking advantage of the defense thus afforded." <u>Haddad v. Bagwell</u>, 317 S.W.2d 781, 787 (Tex. App. -- El Paso 1958, writ ref'd n.r.e.).  <u>See also Panhandle Const. Co. v. Hood, et al.</u>, 114 S.W.2d 632, 633 (Tex. App. -- Austin 1938, writ ref'd).

In this case defendant made no contract or promise to pay, nor

---

[7] <u>Id.</u>

[8] <u>Id.</u> at 7.

did defendant ever indicate that it would refrain from pleading the statute of limitations.  Plaintiff does not allege that defendant ever spoke to plaintiff about a potential lawsuit.  Plaintiff admits that the Cimm's Inc. managers who told her to use the August date in seeking medical care were only trying to help her because her work papers were not valid prior to that date.[9]

Because there are no genuine issues of fact that tend to show that defendant's behavior constituted a promise not to assert a limitations defense, plaintiff's promissory estoppel argument is insufficient to survive defendant's summary judgment motion.[10]

## IV.  Waiver

Plaintiff also argues that defendant's conduct constituted waiver of defendant's statute of limitations defense.[11]  Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."  Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987).

---

[9]Id. at 169-72.

[10]Furthermore, plaintiff offers no reason why continued reliance on such conduct was reasonable.  Defendant filed the paperwork with the incorrect date in August of 2003, long before the limitations period had run.  No other facts indicate that defendant communicated with plaintiff about the injury date after August of 2003.  Therefore, even if defendant's conduct constituted a promise, plaintiff's reliance on this promise for two years was not reasonable.

[11]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 42, p. 7.

"Waiver is largely a matter of intent; thus, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." Motor Vehicle Bd. of the Tex. DOT v. El Paso Indep. Auto Dealers Assoc., Inc., 1 S.W.3d 108, 111 (Tex. 1999).  "There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such a right." Maryland Cas. Co. v. Palestine Fashions, Inc., 402 S.W.2d 883, 888 (Tex. 1966).

Plaintiff has presented no facts indicating that defendant said or did anything inconsistent with an intent to rely upon its right to assert a limitations defense.  Simply using a different date to assist an employee in obtaining medical benefits, with no reference to plaintiff's legal claims or the applicable statute of limitations, is not inconsistent with the defense of limitations. Accordingly, plaintiff's waiver argument fails.

V. **Plaintiff's Claims Against Burger King Corporation**

Because Burger King Corp. did not join in Cimm's Incorporate's motion for summary judgment, the court ordered plaintiff to inform the court of any facts particular to defendant Burger King Corp. that would prevent summary judgment from being entered sua sponte as to Burger King Corp.[12]  See Leatherman, et al. v. Tarrant County Narcotics Intelligence & Coordination Unit, et al., 28 F.3d 1388,

---

[12]Order, Docket Entry No. 53.

-8-

1397 (5th Cir. 1994); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2554 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments <u>sua</u> <u>sponte</u>, as long as the losing party was on notice that she had to come forward with all of her evidence").

In the meantime, Burger King Corp. filed its own motion for summary judgment, also asserting a limitations defense.[13] Plaintiff then responded to the court's order, stating that she is "unaware of any facts showing that Burger King Corp. should be treated any differently for purposes of summary judgment than defendant Cimm's Inc."[14]

Because plaintiff's claims against Cimm's Inc. are barred by limitations and because no facts have been asserted to distinguish Burger King Corp., the court concludes that summary judgment as to Burger King Corp. is also appropriate.

## VI.   Conclusion and Order

For the reasons stated above, the court concludes that plaintiff's action is barred by the statute of limitations. Defendant [Cimm's] Motion for Summary Judgment (Docket Entry No. 37) is **GRANTED**, and Defendant [Burger King's] Motion for Summary

---

[13]Motion for Summary Judgment by Burger King Corporation, Docket Entry No. 55, pp. 9-10.

[14]Plaintiff's Response to the Court's Order Dated October 3, 2006, Docket Entry No. 57.

Judgment (Docket Entry No. 55) is **GRANTED** with respect to Defendant's limitations defense.

　　　**SIGNED** at Houston, Texas, on this 19th day of October, 2006.


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE